THE STATE OF OHIO, APPELLEE, *v.* BUELL, APPELLANT.

[Cite as *State v. Buell* (1994), 70 Ohio St.3d 1211.]

(No. 85–712—Submitted July 27, 1994—Decided September 28, 1994.)

---

*David H. Bodiker,* Ohio Public Defender, *Randall L. Porter* and *J. Joseph Bodine, Jr.,* Assistant Public Defenders, for appellant.

Appellant, Robert Buell, was convicted of aggravated murder and sentenced to death in 1984. On direct appeal as of right, the court of appeals affirmed the conviction and sentence. *State v. Buell* (Apr. 11, 1985), Cuyahoga App. No. 48621, unreported, 1985 WL 7955. Buell then appealed as of right to this court, and we also affirmed. *State v. Buell* (1986), 22 Ohio St.3d 124, 22 OBR 203, 489 N.E.2d 795, certiorari denied (1986), 479 U.S. 870, 107 S.Ct. 240, 93 L.Ed.2d 165. Buell then petitioned the trial court for collateral postconviction relief; that petition was denied, and the court of appeals affirmed the denial. *State v. Buell* (Aug. 22, 1991), Cuyahoga App. No. 57197, unreported. We denied review of that judgment on January 29, 1992. *State v. Buell* (1992), 62 Ohio St.3d 1508, 583 N.E.2d 1320. Next, Buell filed a motion for delayed reconsideration of his direct appeal in the court of appeals, pursuant to App.R. 26 and 14(B), claiming that he had been denied effective assistance of counsel when the court of appeals first considered his case in 1985. (See *State v. Murnahan* [1992], 63 Ohio St.3d 60, 584 N.E.2d 1204.) The court of appeals denied reconsideration, *State v. Buell* (Sept. 21, 1992), Cuyahoga App. No. 31875, unreported, and we affirmed that judgment on November 17, 1993. *State v. Buell* (1993), 67 Ohio St.3d 1500, 622 N.E.2d 649. Buell now claims that he did not receive the effective assistance of counsel in his 1986 direct appeal to this court, and for that reason asks us to reinstate his direct appeal pursuant to S.Ct.Prac.R. XI, Section 1(B).

We deny the motion. Buell's 1986 appeal to this court was his second appeal. "[T]he right to appointed counsel extends to the *first* appeal as of right, *and no further.*" (Emphasis added.) *Pennsylvania v. Finley* (1987), 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539, 545. See, also, *Evitts v. Lucey* (1985), 469 U.S. 387, 394, 105 S.Ct. 830, 834–835, 83 L.Ed.2d 821, 828. Having no constitutional right to counsel on a second appeal, Buell had no constitutional right to the effective assistance of counsel. See *Wainwright v. Torna* (1982), 455 U.S. 586, 587–588, 102 S.Ct. 1300, 1301, 71 L.Ed.2d 475, 477–478; *Evitts, supra*, 469 U.S. at 397, 105 S.Ct. at 836, 83 L.Ed.2d at 830, fn. 7.

*Motion denied.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., concurs in judgment only.