THE STATE OF OHIO, APPELLEE, *v.* VAN HOOK, APPELLANT.

[Cite as *State v. Van Hook* (1994), 70 Ohio St.3d 1216.]

(No. 87–1159—Submitted August 17, 1994—Decided October 19, 1994.)

Appellant, Robert Van Hook, was convicted of aggravated murder and sentenced to death. On direct appeal as of right, the court of appeals affirmed the conviction and sentence. *State v. Van Hook* (May 13, 1987), Hamilton App. No. C–850565, unreported, 1987 WL 11202. In 1987, Van Hook filed an appeal as of right in this court, and we also affirmed. *State v. Van Hook* (1988), 39 Ohio St.3d 256, 530 N.E.2d 883, rehearing denied (1988), 40 Ohio St.3d 711, 534 N.E.2d 851, certiorari denied (1989), 489 U.S. 1100, 109 S.Ct. 1578, 103 L.Ed.2d 944, rehearing denied (1989), 490 U.S. 1077, 109 S.Ct. 2094, 104 L.Ed.2d 657. Van Hook then petitioned the trial court for collateral post-conviction relief; that petition was denied, and the court of appeals affirmed the denial. *State v. Van Hook* (Oct. 21, 1992), Hamilton App. No. C–910505, unreported, 1992 WL 308350, jurisdictional motion overruled (1993), 66 Ohio St.3d 1440, 608 N.E.2d 1085, rehearing denied (1993), 66 Ohio St.3d 1470, 611 N.E.2d 328. Next, Van Hook filed a motion for delayed reconsideration of his direct appeal in the court of appeals, pursuant to App.R. 26(B), claiming that he had lacked effective assistance of counsel when that court had first considered his case in 1987. (See *State v. Murnahan* [1992], 63 Ohio St.3d 60, 584 N.E.2d 1204.) The court of appeals denied reconsideration, *State v. Van Hook* (Feb. 22, 1994), Hamilton App. No. C–850565, unreported, and we affirmed that judgment, *State v. Van Hook* (1994), 69 Ohio St.3d 1448, 633 N.E.2d 542, rehearing denied (1994), 70 Ohio St.3d 1411, 637 N.E.2d 9. Van Hook now claims that he lacked effective assistance of counsel in his 1987 direct

appeal to this court, and therefore asks us to reinstate his direct appeal under S.Ct.Prac.R. XI(1)(B).

We deny the motion. Van Hook's 1987 appeal to this court was not a first appeal as of right; therefore, he had no constitutional right to counsel, hence no constitutional right to effective assistance. See *State v. Buell* (1994), 70 Ohio St.3d 1211, 639 N.E.2d 110.

*Motion denied.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.