[This opinion has been published in *Ohio Official Reports* at 70 Ohio St.3d 1219.]

THE STATE OF OHIO, APPELLEE, *v.* DEPEW, APPELLANT.

[Cite as *State v. DePew*, 1994-Ohio-7.]

*Motions for delayed reinstatement of appeal and for delayed reconsideration denied.*

(No. 87-1334—Submitted August 17, 1994—Decided November 9, 1994.)

ON MOTIONS FOR DELAYED REINSTATEMENT OF APPEAL AND FOR DELAYED RECONSIDERATION.

_____

{¶ 1} Appellant, Rhett G. DePew, was convicted of three aggravated murders and sentenced to death. On direct appeal as of right, the court of appeals affirmed the conviction and sentence. *State v. DePew* (June 29, 1987), Butler App. No. CA85-07-075, unreported, 1987 WL 13709. We also affirmed when he appealed to this court. *State v. DePew* (1988), 38 Ohio St.3d 275, 528 N.E.2d 542, certiorari denied (1989), 489 U.S. 1042, 109 S.Ct. 1099, 103 L.Ed.2d 241. DePew then petitioned the trial court for postconviction relief under R.C. 2953.21; that petition was dismissed, and the court of appeals affirmed the dismissal. *State v. DePew* (Aug. 10, 1992), Butler App. No CA90-09-187, unreported, 1992 WL 193691, jurisdictional motion overruled (1992), 65 Ohio St.3d 1475, 604 N.E.2d 167. Next, DePew filed a motion for delayed reinstatement of his appeal as of right in this court. Next, DePew filed a motion for delayed reconsideration of his direct appeal in the court of appeals, pursuant to App.R. 26(B), claiming that he had been denied effective assistance of counsel when that court first considered his case in 1987. (See *State v. Murnahan* [1992], 63 Ohio St.3d 60, 584 N.E.2d 1204.) The court of appeals granted that motion in part, *State v. DePew* (Sept. 7, 1993), Butler App. No. CA85-07-075, unreported, and on reconsideration reaffirmed its original decision, *State v. DePew* (May 9, 1994), Butler App. No. CA85-070-75,

unreported, 1994 WL 178405. DePew appealed that judgment and we affirmed. *State v. DePew* (1994), 70 Ohio St.3d 1435, 638 N.E.2d 1039. DePew now separately claims that he lacked effective assistance of counsel in his 1988 direct appeal to this court, and therefore asks us to reconsider his direct appeal under S.Ct.Prac. R. XI(1)(B).

_____

*John F. Holcomb*, Butler County Prosecuting Attorney, and *Daniel G. Eichel*, Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker*, Ohio Public Defender, *Jane P. Perry* and *Richard J. Vickers*, Assistant Public Defenders, for appellant.

_____

*Per Curiam*.

{¶ 2} We deny the motions. DePew's 1988 appeal to this court was not a first appeal as of right; therefore, he had no constitutional right to counsel, hence no constitutional right to effective assistance. See *State v. Buell* (1994), 70 Ohio St.3d 1211, 639 N.E.2d 110.

*Motions denied*.

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., dissents.

_____