THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

[Cite as *State v. Smith* (1994), 71 Ohio St.3d 1208.]

(No. 90–1433—Submitted October 24, 1994—Decided December 14, 1994.)

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Christian J. Schaefer,* Assistant Prosecuting Attorney, for appellee.

*David H. Bodiker,* Ohio Public Defender, *William S. Lazarow* and *Kevin L. Fahey,* Assistant Public Defenders, for appellant.

Defendant-appellant, William H. Smith, was convicted of rape, aggravated robbery and aggravated murder, and sentenced to death. On direct appeal as of right, the court of appeals affirmed the conviction and sentence. *State v. Smith* (June 6, 1990), Hamilton App. No. C–880287, unreported, 1990 WL 73974. We also affirmed when he appealed to this court. *State v. Smith* (1991), 61 Ohio St.3d 284, 574 N.E.2d 510, certiorari denied (1992), 502 U.S. 1110, 112 S.Ct. 1211, 117 L.Ed.2d 449. Defendant then petitioned the trial court for postconviction relief under R.C. 2953.21, and we granted a stay. See *State v. Smith* (1992), 65 Ohio St.3d 1452, 602 N.E.2d 249. Next, defendant filed an application for delayed reconsideration of his direct appeal in the court of appeals, pursuant to App.R. 26(B), claiming he had been denied effective assistance of appellate counsel when that court first considered his case in 1990. (See *State v. Murnahan* [1992], 63 Ohio St.3d 60, 584 N.E.2d 1204.) The court of appeals denied that application for reconsideration, *State v. Smith* (June 30, 1993), Hamilton App. No. C–880287,

unreported, 1990 WL 73974, and we affirmed that judgment (1993), 68 Ohio St.3d 1404, 623 N.E.2d 562, certiorari denied (1994), 512 U.S. ——, 114 S.Ct. 2768, 129 L.Ed.2d 882. Defendant now claims that he lacked effective assistance of appellate counsel in his 1991 direct appeal to this court, and therefore asks us to reconsider his direct appeal under S.Ct.Prac.R. XI(1)(B).

We deny the motion. Defendant's 1991 appeal to this court was not a first appeal as of right on the merits of his criminal case; therefore, he had no constitutional right to counsel, and hence no constitutional right to effective assistance. See *State v. Buell* (1994), 70 Ohio St.3d 1211, 639 N.E.2d 110.

*Motion denied.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

WRIGHT, J., dissents.