[This opinion has been published in *Ohio Official Reports* at 73 Ohio St.3d 523.]

THE STATE OF OHIO, APPELLEE, *v*. RICHEY, APPELLANT.

[Cite as *State v. Richey*, 1995-Ohio-329.]

*Appellate procedure—Application for reopening appeal from judgment and conviction based on claim of ineffective assistance of appellate counsel— Application denied when applicant fails to show good cause for failing to file his application within ninety days after journalization of the appellate judgment as required by App.R. 26(B).*

(No. 95-374—Submitted June 21, 1995—Decided August 30, 1995.)

APPEAL from the Court of Appeals for Putnam County, No. 12-87-2.

—————————

{¶ 1} Appellant, Kenneth T. Richey, was convicted of aggravated murder, aggravated arson, breaking and entering, and child endangering, and sentenced to death in 1987. The court of appeals affirmed the convictions and sentence. *State v. Richey* (Dec. 28, 1989), Putnam App. No. 12-87-2, unreported, 1989 WL 156561. On direct appeal as of right, we also affirmed. *State v. Richey* (1992), 64 Ohio St.3d 353, 595 N.E.2d 915, certiorari denied, *Richey v. Ohio* (1993), 507 U.S. 989, 113 S.Ct. 1592, 123 L.Ed.2d 157.

{¶ 2} In April 1994, Richey filed with the court of appeals an application to reopen his appeal under App.R. 26(B), alleging ineffective assistance of his appellate counsel. The court of appeals denied the application, finding that appellant had failed to establish good cause for not filing the application to reopen within ninety days from the journalization of the appellate judgment, as required by App.R. 26(B)(1) and (B)(2)(b). The court of appeals also held that appellant's twenty-two proposed assignments of error failed to raise any genuine issue as to whether appellant was deprived of the effective assistance of counsel on appeal.

**{¶ 3}** Appellant appeals the denial to this court. Appellant also now submits propositions of law XXIII through XXV, asserting he was denied the effective assistance of appellate counsel in his appeal before this court.

———————————

*Daniel R. Gerschutz,* Putnam County Prosecuting Attorney, for appellee.

*Goodwin, Procter & Hoar*, *Paul E. Nemser* (admitted *pro hac vice*), *Kenneth J. Parsigian* (admitted *pro hac vice*), *Patricia A. Lipoma* and *Lisa M. Tittemore*; *Porter, Wright, Morris & Arthur and Scott E. North*, for appellant.

———————————

**Per Curiam.**

**{¶ 4}** We affirm the decision of the court of appeals for the reasons stated in its opinion. Further, we reject appellant's additional propositions of law XXIII through XXV, asserting appellant was denied the effective assistance of counsel before this court in his application for rehearing. Appellant's 1992 appeal to this court was not a first appeal as of right; therefore, he had no constitutional right to counsel, and hence no constitutional right to effective assistance of counsel. See *State v. Buell* (1994), 70 Ohio St.3d 1211, 639 N.E.2d 110.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

WRIGHT, J., dissents.

———————————

WRIGHT, J., dissenting.

**{¶ 5}** I dissent for several reasons, most of which are included within Justice Herbert R. Brown's dissent in *State v. Richey* (1992), 64 Ohio St.3d 353, 373, 595 N.E.2d 915, 931.

———————————