STATE OF NEBRASKA, APPELLEE, V.
CARY LYN HUGHAN, APPELLANT.
703 N.W.2d 263

Filed August 30, 2005.    No. A-05-039.

Cary Lyn Hughan, pro se.

Jon Bruning, Attorney General, for appellee.

IRWIN, SIEVERS, and CASSEL, Judges.

CASSEL, Judge.

## INTRODUCTION

In this appeal from the district court for Buffalo County, we consider the motion of Cary Lyn Hughan, who asserts indigence, for court-appointed counsel. Because we conclude that Hughan's constitutional right to appointed counsel extends only to her first appeal as a matter of right, which was the appeal from county court to district court, we overrule her motion.

## BACKGROUND

Hughan was convicted in the county court for Buffalo County upon a plea of no contest to a misdemeanor offense of driving under the influence of alcohol and was subsequently sentenced. Hughan appealed to the district court, where the public defender appeared on her behalf. On December 8, 2004, the district court affirmed Hughan's conviction and sentence.

On January 3, 2005, Hughan filed notice of her intent to appeal to this court and filed a poverty affidavit and a request for counsel. Hughan later filed a motion to proceed in forma pauperis. On January 7, the public defender filed a "Declination of Further Representation." In an order entered January 7, the district court found that the public defender's office was not obligated to represent Hughan on her appeal to this court and declined to appoint further legal representation for Hughan. The

public defender filed a motion with this court requesting to withdraw as Hughan's counsel, and this court granted the motion. Later, Hughan filed with this court a motion for court-appointed counsel, which we now consider.

## ANALYSIS

The Sixth Amendment to the U.S. Constitution gives one accused of a crime the right to the assistance of counsel. See *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). Similarly, Neb. Const. art. I, § 11, confers on criminal defendants the right to appear and defend in person or by counsel. In *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963), the U.S. Supreme Court held that in first appeals as of right, states must appoint counsel to represent indigent defendants. Later, the U.S. Supreme Court made clear that its holding in *Douglas* did not extend to discretionary appeals to a state's highest court. *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974).

Neb. Rev. Stat. § 25-2728 (Cum. Supp. 2002) confers upon a defendant in a criminal case the right to appeal from the final judgment of the county court to the district court of the county where the county court is located. On appeal from a county court in a criminal case, a district court acts as an intermediate appellate court, rather than as a trial court. *State v. Sparr, ante* p. 144, 688 N.W.2d 913 (2004). Thus, upon her conviction and sentence in the county court, Hughan was entitled to appeal to the district court as a matter of right.

Neb. Const. art. I, § 23, confers the right to appeal to this court or to the Nebraska Supreme Court, as provided by the Legislature. The Legislature has implemented the right to appeal from the district court, Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2004), and most cases, including the case before us, are docketed in the Court of Appeals. See Neb. Rev. Stat. § 24-1106 (Reissue 1995).

The instant case requires us to consider whether Hughan's constitutional right to appointed counsel applies only to her first appeal as a matter of right, i.e., the appeal from county court to district court, or whether the right to appointed counsel extends to a second appeal taken as a matter of right. Surprisingly, the

Nebraska appellate courts have not previously considered this precise question.

In *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985), the U.S. Supreme Court addressed whether, in light of *Douglas, supra*, the Due Process Clause of the 14th Amendment guaranteed effective assistance of counsel to criminal defendants on initial appeals as of right. The *Evitts* court stated that the right to counsel as described in *Douglas* "is limited to the first appeal as of right." 469 U.S. at 394.

In *Pennsylvania v. Finley*, 481 U.S. 551, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987), the U.S. Supreme Court held that a criminal defendant had no equal protection or due process right to counsel in collateral postconviction proceedings. In so holding, the *Finley* Court reiterated, "Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further. Thus, we have rejected suggestions that we establish a right to counsel on discretionary appeals." 481 U.S. at 555.

Although in *Halbert v. Michigan*, 545 U.S. 605, 125 S. Ct. 2582, 162 L. Ed. 2d 552 (2005), the U.S. Supreme Court recently considered *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963), and *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974), again, that decision sheds no light upon the question before us.

One court of another state has directly addressed whether the Sixth Amendment right to counsel applies to second appeals as of right. In *State v. Buell*, 70 Ohio St. 3d 1211, 639 N.E.2d 110 (1994), the criminal defendant claimed that he had received ineffective assistance of counsel on a further direct appeal to the Ohio Supreme Court after his initial appeal to that state's intermediate appellate court. The Ohio Supreme Court held that the defendant's appeal to the supreme court was a second appeal as of right. See *Taylor v. Mitchell*, 296 F. Supp. 2d 784 (N.D. Ohio 2003). The *Buell* court relied on *Finley, supra*, and *Evitts, supra*, for the proposition that the right to appointed counsel extends to the first appeal as of right, and no further. The *Buell* court concluded, "Having no constitutional right to counsel on a second appeal, [the defendant] had no constitutional right to the effective assistance of counsel." 70 Ohio St. 3d at 1212, 639 N.E.2d at 110.

*Hernandez v. Greiner*, 305 F. Supp. 2d 216 (E.D.N.Y. 2004), examined the foregoing jurisprudence and determined that neither the U.S. Supreme Court nor the Second Circuit had ever been presented with the issue of whether the right to counsel attaches to all appeals as of right on direct review of a criminal conviction. The *Hernandez* court acknowledged the holding in *Buell*, but declined to follow it, noting that *Buell* simply cited to and relied upon dicta in *Finley, supra,* and *Evitts, supra.* The *Hernandez* court determined that it was best left to the Second Circuit to determine whether to follow the broad implications of *Finley* and *Evitts* and submitted to the Second Circuit the question of whether an indigent is entitled to assigned counsel for second appeals as of right. The Second Circuit has not yet addressed the question.

As the court in *Hernandez* observed, the U.S. Supreme Court has not expressly extended the federal constitutional right to counsel to second appeals as of right. The Nebraska Supreme Court has held that the Nebraska Constitution's provision for assistance of counsel in a criminal case is no broader than its counterpart in the federal Constitution. *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993) (rejecting criminal defendant's claim of ineffective assistance of counsel in postconviction proceeding), *cert. denied, Abdullah v. Nebraska*, 510 U.S. 829, 114 S. Ct. 97, 126 L. Ed. 2d 64 (1993). See, also, *State v. Dean*, 246 Neb. 869, 523 N.W.2d 681 (1994) (finding no authority stating that Nebraska Constitution grants defendant broader right to counsel which requires more rigorous waiver than that necessary to waive right to counsel under federal constitutional provisions), *overruled on other grounds, State v. Burlison*, 255 Neb. 190, 583 N.W.2d 31 (1998).

## CONCLUSION

Because the U.S. Supreme Court has repeatedly stated that the constitutional right to appointed counsel extends only to a defendant's first appeal as a matter of right, and no further, and because the Nebraska Supreme Court has held that the Nebraska Constitution confers no greater right to counsel than that provided by the Sixth Amendment, we conclude that Hughan's appeal as a matter of right from county court to district court was

her only appeal subject to the Sixth Amendment right to counsel. It then follows that even though Hughan has a right to a further appeal to this court pursuant to Neb. Const. art. I, § 23, she has no further right to appointed counsel. We therefore overrule Hughan's motion for appointment of counsel.

MOTION FOR COURT-APPOINTED
COUNSEL OVERRULED.