STATE OF NEBRASKA, APPELLEE, V.
LEON TAYLOR, APPELLANT.
716 N.W.2d 771

Filed July 3, 2006.   No. A-05-721.

John F. Loos, Jr., of Loos Law Office, for appellant.

Jon Bruning, Attorney General, and Susan J. Gustafson for appellee.

SIEVERS, MOORE, and CASSEL, Judges.

MOORE, Judge.

## INTRODUCTION

Leon Taylor was convicted in the district court for Dakota County, Nebraska, of operating a motor vehicle to avoid arrest. Following an enhancement hearing, Taylor was sentenced as a habitual criminal. Taylor's conviction and sentence were affirmed on appeal to this court. See *State v. Taylor*, 12 Neb. App. 58, 666 N.W.2d 753 (2003). Taylor filed a motion for postconviction relief assigning numerous errors, which relief was denied by the

district court. Taylor now appeals, claiming the district court erred in not ordering an evidentiary hearing or granting postconviction relief based on alleged denial of counsel and ineffective assistance of counsel. We affirm.

## BACKGROUND

Following a jury trial in the district court for Dakota County, Taylor was convicted on April 24, 2002, of operating a motor vehicle to avoid arrest. On July 17, Taylor was sentenced as a habitual criminal to a term of 10 to 15 years in prison, with credit for time served. Taylor filed an appeal on July 29, 2002, and Taylor's conviction and sentence were affirmed on direct appeal to this court in a decision dated July 29, 2003. See *id.*

On July 11, 2003, while Taylor's direct appeal to this court was still pending, Taylor was transported to Rock County, Wisconsin, for legal proceedings. Taylor remained in the Rock County jail until August 26. Taylor claims that while in Wisconsin, he tried to make telephone contact with his attorney, but that he was unable to do so. After receiving notice of this court's decision on July 29, Taylor's attorney attempted to contact Taylor by mailing a copy of the opinion to Taylor at the Nebraska correctional facility in Lincoln. After receiving no response, on August 13, Taylor's attorney mailed Taylor a second letter, which discussed the possibility of filing a petition for further review asking the Nebraska Supreme Court to review this court's decision. On August 25, Taylor's attorney received both letters back, marked "Return to Sender, Address Correction Requested," along with a personal note stating that " 'he is at Rock County Corrections, Wisconsin no forwarding address.' "

Taylor returned to Nebraska on August 27, 2003, and made contact with his attorney "during the P.M. hours." Taylor apparently indicated his desire to file a petition for further review, because his attorney completed the petition and placed it in the mail the next day, on August 28. The record indicates that the petition for further review was filed with the court on August 29.

The State filed a motion to dismiss the petition for further review as being filed out of time, and Taylor and his attorney filed a "resistance" to such motion to dismiss, explaining the circumstances of the situation. On September 17, 2003, the State's

motion to dismiss was sustained by the Nebraska Supreme Court, and Taylor subsequently received notice that his petition was filed out of time under Neb. Ct. R. of Prac. 2F(1) (rev. 2002). Taylor then filed on September 25 a motion for reconsideration, which was denied by the Nebraska Supreme Court on October 21.

Taylor then filed a "Verified Motion for Postconviction Relief" with the district court for Dakota County on April 13, 2005, alleging numerous errors, including allegations that Taylor received both a denial of counsel and ineffective assistance of counsel in the filing of his petition for further review. In an order filed May 26, 2005, the district court found that Taylor was not entitled to postconviction relief and denied Taylor's request for an evidentiary hearing. Taylor now appeals the denial of his motion for postconviction relief.

## ASSIGNMENT OF ERROR

Taylor alleges that the district court erred in not ordering an evidentiary hearing or granting Taylor's motion for postconviction relief based on a denial of counsel and ineffective assistance of counsel.

## STANDARD OF REVIEW

A defendant requesting postconviction relief must establish the basis for such relief, and the findings of the district court will not be disturbed unless they are clearly erroneous. *State v. Wagner*, 271 Neb. 253, 710 N.W.2d 627 (2006). On appeal from a proceeding for postconviction relief, the lower court's findings of fact will be upheld unless such findings are clearly erroneous. *Id.*

## ANALYSIS

Taylor asserts that he was denied the right to counsel during the 30 days within which Taylor could have filed a petition for further review. Specifically, Taylor claims that because he was in the custody of the State and was transferred out of Nebraska, during which time he was unable to contact his attorney, this was an effective denial of his right to counsel. Taylor also asserts that he received ineffective assistance of counsel when his attorney failed to timely perfect his petition for further review.

■ We must first address the State's assertion that Taylor's claim is procedurally barred because it was not raised in the district court. The State argues that Taylor's motion for postconviction relief did not raise the issues of denial of counsel and ineffective assistance of counsel in connection with the failure to timely file the petition for further review. An appellate court will not consider as an assignment of error a question not presented to the district court for disposition through a defendant's motion for postconviction relief. *State v. Caddy*, 262 Neb. 38, 628 N.W.2d 251 (2001). However, a review of Taylor's pro se motion for postconviction relief indicates that while Taylor may not have used the most sophisticated legal terminology and analysis, his third argument or "ground" for relief did address the Supreme Court's dismissal of his petition for further review for being filed out of time, and we find that these allegations effectively placed at issue the denial of counsel and ineffective assistance of counsel with respect to the failure to timely file the petition for further review. Moreover, it appears that the district court interpreted this ground as an ineffective assistance of counsel claim, since the court addressed it as such in its order.

■ Before reaching the merits of Taylor's claim, we must next address whether Taylor had a constitutional right to further review by the Nebraska Supreme Court after his conviction and sentence were affirmed by this court on direct appeal. This issue is of obvious importance because if Taylor had no constitutional right to further review, it follows that he would therefore have had no right to counsel for that appeal and, accordingly, no basis for a claim of ineffective assistance of counsel. For postconviction relief to be granted under the Nebraska Postconviction Act, Neb. Rev. Stat. §§ 29-3001 to 29-3004 (Reissue 1995), the claimed infringement must be constitutional in dimension. *State v. Lotter*, 266 Neb. 245, 664 N.W.2d 892 (2003).

Neb. Const. art. I, § 23, confers the right to appeal to this court or to the Nebraska Supreme Court, as provided by the Legislature. The text of article I, § 23, is as follows:

> In all capital cases, appeal directly to the Supreme Court shall be as a matter of right and shall operate as a supersedeas to stay the execution of the sentence of death until further order of the Supreme Court. In all other cases,

criminal or civil, an aggrieved party shall be entitled to *one appeal* to the appellate court created pursuant to Article V, section 1, of this Constitution or to the Supreme Court as may be provided by law.

(Emphasis supplied.) The Legislature has implemented the right to appeal from the district court, see Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2004), and most cases are docketed in the Court of Appeals, as was the case before us in Taylor's direct appeal, see Neb. Rev. Stat. § 24-1106 (Reissue 1995). Further, the Nebraska Supreme Court and Court of Appeals rules of practice and procedure provide, in pertinent part: "Further review by the Supreme Court is not a matter of right, but of judicial discretion." Rule 2G.

As applied to the present case, Taylor was entitled to one appeal as a matter of right, which Taylor exercised to this court in his first direct appeal of his conviction and sentence. Taylor was not entitled to further review by the Supreme Court as a matter of right, and therefore, Taylor was not entitled to the assistance of counsel, effective or ineffective, in filing the petition requesting further review.

The Sixth Amendment to the U.S. Constitution gives one accused of a crime the right to assistance of counsel. See *Gideon v. Wainwright*, 372 U.S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). Similarly, Neb. Const. art. I, § 11, confers on criminal de - fendants the right to appear and defend in person or by counsel. In *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963), the U.S. Supreme Court held that in first appeals as of right, states must appoint counsel to represent indigent defendants. However, the U.S. Supreme Court in *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974), clarified that the right to counsel does not extend to discretionary appeals to a state's highest court. The Nebraska Supreme Court has held that the Nebraska Constitution's provision for assistance of counsel in a criminal case is no broader than its counterpart in the federal Constitution. *State v. Stewart*, 242 Neb. 712, 496 N.W.2d 524 (1993).

While Nebraska appellate courts have not previously ad - dressed the question of whether a criminal defendant is entitled to appointment of counsel in connection with further review by

the Nebraska Supreme Court following a decision in this court, we have, in *State v. Hughan*, 13 Neb. App. 862, 703 N.W.2d 263 (2005), addressed the issue in the context of a defendant's right to counsel in a second appeal as of right. In that case, Cary Lyn Hughan was convicted in county court for driving under the influence of alcohol and subsequently appealed to the district court, where the public defender appeared on her behalf. Following the district court's affirmance of Hughan's conviction and sentence, Hughan filed notice of intent to appeal to this court and filed a poverty affidavit and a request for counsel. Following the district court's declination to appoint further legal representation for Hughan, she filed with this court a motion for court-appointed counsel. Based upon the U.S. Supreme Court's pronouncement in *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985), that the right to counsel as described in *Douglas v. California, supra*, is limited to the first appeal as of right, this court held that Hughan's appeal as a matter of right from county court to district court was her only appeal subject to the Sixth Amendment right to counsel. We concluded that even though Hughan had a right to a further appeal in this court pursuant to Neb. Const. art. I, § 23, she had no further right to appointed counsel.

We hold in this case that the constitutional right to counsel extends only to a criminal defendant's first appeal as a matter of right and does not extend to a petition for further review by the Nebraska Supreme Court from a decision of the Nebraska Court of Appeals. Although our reasoning differs from that of the district court, we find that the court did not err in denying Taylor's motion for postconviction relief based upon the denial of counsel or the ineffective assistance of counsel. Where the record adequately demonstrates that the decision of a trial court is correct, although such correctness is based on a ground or reason different from that assigned by the trial court, an appellate court will affirm. *State v. Marshall*, 269 Neb. 56, 690 N.W.2d 593 (2005). The decision of the district court is affirmed.

## CONCLUSION

Because we find that Taylor was not entitled to further review by the Supreme Court as a matter of right, Taylor therefore had

no right to counsel to perfect the petition for further review. The decision of the district court is affirmed.

AFFIRMED.