276 Neb. 716
STATE OF NEBRASKA, APPELLEE,
v.
BRADLEY K. WILLIAMS, APPELLANT.
No. S-07-1239.
Supreme Court of Nebraska.
Filed October 31, 2008.
Daniel W. Ryberg for appellant.
Jon Bruning, Attorney General, and James D. Smith for appellee.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
In this appeal, Bradley K. Williams claims the trial court abused its discretion by refusing to permit him to withdraw a plea of guilty after his participation in a domestic violence intervention program was terminated. He was sentenced to 90 days in jail and challenges the sentence imposed by the Douglas County Court as being excessive. The district court for Douglas County affirmed both the conviction and the sentence.

SCOPE OF REVIEW
[1] Prior to sentencing, the withdrawal of a plea forming the basis of a conviction is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. State v. Schneider, 263 Neb. 318, 640 N.W.2d 8 (2002).
[2] Sentences within statutory limits will be disturbed by an appellate court only if the sentence complained of was an abuse of judicial discretion. State v. Carlson, 260 Neb. 815, 619 N.W.2d 832 (2000).

FACTS
Williams was charged with domestic assault in the third degree, criminal mischief, and disturbing the peace. These charges arose from an altercation with his intimate partner, B.C., on August 31, 2006. According to police reports, sheriff's deputies went to Williams' residence in response to an anonymous telephone call. Upon their arrival, they heard someone screaming inside the house. When the deputies knocked on the door, B.C. came out of the house with Williams following her. B.C. stated that Williams had threatened to kill her, punched and kicked her, and put a knife to her throat.
Williams appeared in court on October 13, 2006. Because he did not have a criminal record, he was eligible to participate in a plea agreement offered to first offenders. Under the plea agreement, Williams pled guilty to domestic assault in the third degree and the State dismissed the remainder of the charges. Additionally, Williams agreed to participate in the "Men's Non-Violence Program," an intervention program administered by the YWCA, and the State agreed to dismiss the remaining domestic assault charge against Williams if he successfully completed the program.
The trial court instructed Williams:
Finally, sir, you've been offered an opportunity to participate in a program where by [sic] if you plead guilty to this charge, I will find you guilty and I will continue sentencing to a future date. If you successfully complete the program as outlined by [the deputy county attorney], and that's completing this batterers' intervention program, you'll be allowed to come back in front of me, I'll allow you to withdraw your plea of guilty, the State will then dismiss these charges. Do you understand that?
The court further advised Williams that if he did not successfully complete the program, the court would impose a sentence. Williams agreed that he was pleading guilty because he committed the offense and not just to take advantage of the intervention program. The court continued the case to May 3, 2007, and told Williams that this court appearance would result in either sentencing or his withdrawal of the plea and a dismissal of the charge. Williams fully attended the program from the time of his enrollment in November 2006 through March 19, 2007.
In approximately December 2006, Williams was again arrested and charged with third degree domestic assault against B.C. The State requested a review hearing on March 15, 2007, at which time it asked the trial court to sentence Williams. The State noted that Williams "will not be eligible to attend that batterer's intervention program any longer since he has picked up new charges and has not accepted accountability." Williams protested the acceleration of the sentencing in the original case based on the new charges and filed a motion to withdraw his guilty plea in the original case. The court denied his motion and continued the case for further review, and potentially for sentencing, until April 19, after the jury trial on the new charges. A jury ultimately found Williams not guilty of the new charges.
On March 19, 2007, the YWCA refused to let Williams continue to participate in the program. In a letter, it noted the reasons for his termination were that "the program has been notified of a report of abuse or threat of abuse by you" and that "the program has been notified [of] your use of threats, intimidation, or violence."
At the April 19, 2007, hearing, Williams' counsel informed the trial court of Williams' termination from the program. Counsel objected to this action because Williams had been found not guilty of the new charges of violence. The deputy county attorney stated that "[Williams] wasn't terminated from batterer's intervention because of another charge, or he was found not guilty of a charge, or that he was kicked out because his conduct is not suitable for the program." The court denied Williams' request for a presentence investigation, but continued sentencing until May 3 to give defense counsel time to prepare.
On May 3, 2007, Williams submitted a second motion to withdraw his guilty plea. In support of this motion, counsel offered a letter written by counsel to the trial court. The letter stated that Williams entered the plea agreement in good faith; however, counsel believed the prosecutor did not act in good faith in connection with Williams' termination from the program. The letter noted the court's statement that it intended to sentence Williams considering only the underlying events to which Williams pled guilty and presented Williams' version of the facts. The letter concluded with a request that the court give Williams credit for the classes he had attended and permit him to complete a period of probation. Williams did not offer any evidence challenging the propriety of his termination from the program.
The State offered Williams' status report from the program, noting that the program administrator had the sole discretion to terminate a participant from the program. Because the administrator terminated Williams from the program, he was unable to complete the only condition of the plea agreement. The trial court sentenced Williams to 90 days in the Douglas County Correctional Center.
Williams appealed to the district court for Douglas County. The district court affirmed the trial court's order and concluded that the plea agreement requiring Williams to attend the program was not a pretrial diversion program as contemplated by Neb. Rev. Stat. § 29-3601 et seq. (Cum. Supp. 2006) and was therefore not subject to the statutes. The district court also found that the sentence was not excessive and that the trial court did not abuse its discretion in denying Williams' motions to withdraw his plea. Williams appeals.

ASSIGNMENTS OF ERROR
Williams assigns, consolidated and restated, that the district court erred in (1) ruling that the trial court did not abuse its discretion in accepting Williams' plea, (2) finding that the trial court did not err in denying Williams' motions to withdraw his plea, and (3) finding that the trial court's sentence of 90 days' incarceration was not excessive.

ANALYSIS
The issues are whether the trial court abused its discretion in accepting Williams' plea, denying Williams' motions to withdraw his guilty plea after his termination from the intervention program, and sentencing him to 90 days' incarceration.

TRIAL COURT ACCEPTANCE OF PLEA
[3] A trial court is given discretion as to whether to accept a guilty plea; an appellate court will overturn that decision only where there is an abuse of discretion. State v. Lassek, 272 Neb. 523, 723 N.W.2d 320 (2006). To support a finding that a plea of guilty has been entered freely, intelligently, voluntarily, and understandingly, a court must inform the defendant concerning (1) the nature of the charge, (2) the right to assistance of counsel, (3) the right to confront witnesses against the defendant, (4) the right to a jury trial, and (5) the privilege against self-incrimination. Id.
Williams and the Douglas County Attorney entered into a plea agreement under which Williams agreed to plead guilty to third degree domestic assault and the prosecutor agreed to dismiss the remaining charges. If, at the time of sentencing, Williams had completed the program, the prosecutor agreed to dismiss the third degree domestic assault charge as well. The trial court advised Williams of his constitutional rights and the alternative outcomes he could expect at sentencing. The court found that Williams entered his plea knowingly, voluntarily, intelligently, and understandingly, and accepted his guilty plea. There is no evidence that the court participated beyond what was necessary to inform Williams of his rights.
The plea agreement entered into by the Douglas County Attorney and Williams was a valid plea agreement. The condition requiring Williams to participate in the program was not part of a pretrial diversion program. As such, the statutes regulating pretrial diversion, § 29-3601 et seq., are not applicable. We find that the trial court properly accepted Williams' plea.

MOTIONS TO WITHDRAW PLEA
[4-6] After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. State v. Schneider, 263 Neb. 318, 640 N.W.2d 8 (2002). The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. State v. Carlson, 260 Neb. 815, 619 N.W.2d 832 (2000). The right to withdraw a plea previously entered is not absolute, and, in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal. State v. Minshall, 227 Neb. 210, 416 N.W.2d 585 (1987).
In State v. Carlson, supra, this court determined that the defendant, who was charged with murder, did not establish a fair and just reason to withdraw his plea of no contest based on the trial court's acceptance of his plea or based on alleged erroneous advice of his counsel. The defendant claimed that his attorney had promised him he would be able to withdraw his plea and that he believed he would be able to withdraw his plea. Before accepting the defendant's plea, the trial court asked numerous questions to determine whether the defendant entered his plea of no contest freely, intelligently, voluntarily, and understandingly. While the trial court did not specifically ask the defendant whether his plea was induced by any promises, it did ultimately find that "no promises or threat" had been made to the defendant prior to his entering the plea. Id. at 823, 619 N.W.2d at 838. Based on these findings, this court concluded that the defendant had not presented by clear and convincing evidence a "fair and just reason" to withdraw his plea such that the trial court abused its discretion. Id. at 824, 619 N.W.2d at 838.
Similarly, in State v. Schneider, supra, this court held that the trial court did not abuse its discretion when it did not allow the defendant to withdraw his plea of no contest after he learned he would be required to register as a sex offender. When accepting the defendant's plea of no contest as part of a plea agreement, the trial court informed him of the possible penalties and of the constitutional rights he would give up by entering the plea, but did not tell him he would be required to register as a sex offender. At sentencing, the defendant made a motion to withdraw his plea because he was not aware of the registration requirements. This court determined that the trial court was not required to inform the defendant of the sex offender registration requirements and did not abuse its discretion in denying the defendant's motion to withdraw his plea.
In the case at bar, Williams pled guilty pursuant to a plea agreement that required him to complete the intervention program. If Williams completed the program, the trial court would allow him to withdraw his guilty plea and the county attorney would dismiss the charge. If he failed to finish the program, however, the court would sentence him accordingly. After completing approximately half of the required classes, Williams was terminated from the program. Pursuant to the plea agreement, the court sentenced him on May 3, 2007.
At sentencing, the Douglas County Attorney offered Williams' termination notice from the program as evidence of his failure to complete the condition of the plea agreement. Williams' evidence was a letter from his attorney to the trial court that claimed the prosecutor had not acted in good faith in connection with Williams' termination from the program. He did not offer any evidence to show he was improperly terminated from the program. Considering the evidence in the record, we conclude that the trial court did not abuse its discretion in denying Williams' motions to withdraw his plea.
[7] Sentences within statutory limits will be disturbed by an appellate court only if the sentence complained of was an abuse of judicial discretion. State v. Carlson, 260 Neb. 815, 619 N.W.2d 832 (2000). When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. State v. Thurman, 273 Neb. 518, 730 N.W.2d 805 (2007). Presentence reports are required only for defendants convicted of felonies. Neb. Rev. Stat. § 29-2261 (Cum. Supp. 2006).
Williams pled guilty to domestic assault in the third degree, which is a Class I misdemeanor under Neb. Rev. Stat. § 28-323(4) (Cum. Supp. 2006). Class I misdemeanors are punishable by up to 1 year's imprisonment, a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Cum. Supp. 2006). The trial court sentenced Williams to 90 days' incarceration, which is well within the statutory limits. We find that this sentence is not excessive and that the court did not abuse its discretion.

CONCLUSION
For the reasons set forth herein, we affirm the judgment of the district court.
AFFIRMED.