17 Neb.App. 431
STATE OF NEBRASKA, APPELLEE,
v.
MICHAEL D. SCHURMAN, APPELLANT.
No. A-08-383.
Court of Appeals of Nebraska.
Filed March 10, 2009.
Michael O. Mead, of Law Offices of Richard L. Alexander, for appellant.
Jon Bruning, Attorney General, and Nathan A. Liss for appellee.
INBODY, Chief Judge, and MOORE and CASSEL, Judges.
INBODY, Chief Judge.

INTRODUCTION
Michael D. Schurman appeals the decision of the Adams County District Court affirming the Adams County Court's denial of Schurman's motion to withdraw his no contest pleas to third degree assault and third degree domestic assault. Schurman also claims that the district court erred in failing to find that the sentences imposed upon him were excessive. For the reasons set forth herein, we reverse the decision of the district court, vacate Schurman's convictions and sentences, and remand for further proceedings.

STATEMENT OF FACTS
On August 15, 2006, Schurman was charged in Adams County Court with third degree assault, in violation of Neb. Rev. Stat. § 28-310 (Reissue 2008), and third degree domestic assault, in violation of Neb. Rev. Stat. § 28-323(4) (Reissue 2008), both Class I misdemeanors. At the August 15 arraignment, Schurman appeared without counsel. Schurman stated that he did not understand the complaint but that he was "just gonna plead guilty right now." When asked if Schurman understood the rights that were previously read, Schurman stated, "Well, I'm not an attorney so your language is way over my head." However, Schurman did not want the clerk magistrate to go over the rights a second time and stated that he did not want an attorney and did not want an attorney appointed to represent him.
Once the clerk magistrate explained the different pleas to Schurman, Schurman stated that he understood and was ready to enter pleas of no contest to both counts. Schurman entered pleas of no contest which were accepted by the clerk magistrate. Following the entry of the pleas, Schurman stated that he did not want to be considered for probation. The following statements also occurred during the hearing:
MR. SCHURMAN: I  I  Sir  I know it's  can't back up now. But I don't understand. If I would get out of here, I can't go get my personal belongings.
....
MR. SCHURMAN: I don't understand what's goin' on. I'd just as soon be put inside so I can't get in trouble again because I don't understand this. How do I get my clothes?
....
MR. SCHURMAN: Now, can I get my furniture and all that?
....
MR. SCHURMAN: Just throw me in jail, right now.....
MR. SCHURMAN: No, just take me right now.
....
MR. SCHURMAN: I'm all mixed up. I don't understand it. So . . . .
....
MR. SCHURMAN: I don't understand. I'm lost.
MR. SCHURMAN: I know. I'm  I  I'm lost.
THE COURT: Have you had any mental problems in the past that I'm not aware of?
MR. SCHURMAN: No.
THE COURT: No?
MR. SCHURMAN: Well I've been in there once before  Yeah, but it's all  But that's been a long time ago.
THE COURT: Okay. So you're lost because of what?
MR. SCHURMAN: I'm lost because how do I get my vehicle, how do I get my clothes, and all that stuff.
MR. SCHURMAN: See, I'm so lost, I don't know what's goin' on.
The following colloquy then occurred between the clerk magistrate and the county attorney:
THE COURT: My question to the County Attorney: Should I back track a little bit and just go ahead and appoint the public defender on this so we make sure we get this done correctly?
[County attorney]: Probably wouldn't be a bad idea. I guess I would ask that the Public Defender be appointed for him, to help him in this; and then if they decide they want to do a motion to withdraw the pleas, and then they can worry  we can worry about that later. I think he's  I think he's understood why he was here, and he made a conscious decision to plead guilty (sic).
The clerk magistrate did appoint counsel for Schurman for the sentencing phase of the proceedings. Counsel proceeded to file a motion requesting that the court allow Schurman to withdraw his no contest pleas for the reason that the pleas were not knowingly and voluntarily made. A hearing thereon was held on November 17, 2006, at which time the State objected to Schurman's motion to withdraw his pleas. Schurman testified that he did not understand what was happening to him on the day of the pleas and did not have a thorough understanding of what was required for him to enter his pleas. He further testified that he has been diagnosed with bipolar disorder and has hearing loss. Schurman also testified that, the night before his arraignment, he did not get any sleep because he was in jail, and that although he tried to ask for a telephone call so that he could call his lawyer, he was not allowed a telephone call.
On February 21, 2007, the county court denied Schurman's motion to withdraw his pleas. Thereafter, Schurman was sentenced to 30 days' imprisonment on each count with the sentences ordered to be served concurrently. Schurman appealed to the Adams County District Court, which affirmed the county court's denial of his motion to withdraw his pleas and the sentences imposed upon Schurman. With regard to the county court's denial of Schurman's motion to withdraw his pleas, the district court found that "[i]t is clear from the record [that Schurman's] plea was freely, voluntarily and intelligently given. [Schurman's] confusion was on post plea issues not related to his plea of No Contest." Schurman has now timely appealed to this court.

ASSIGNMENTS OF ERROR
Schurman contends that the district court abused its discretion in refusing to allow him to withdraw his no contest pleas and in imposing excessive sentences.

STANDARD OF REVIEW
[1] Prior to sentencing, the withdrawal of a plea forming the basis of a conviction is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. State v. Williams, 276 Neb. 716, 757 N.W.2d 187 (2008); State v. Schneider, 263 Neb. 318, 640 N.W.2d 8 (2002).

ANALYSIS
Schurman first contends that the district court abused its discretion in refusing to allow him to withdraw his no contest pleas.
[2-4] After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. State v. Williams, supra. The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. Id. The right to withdraw a plea previously entered is not absolute, and, in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal. Id.
The evidence presented by Schurman in support of his motion to withdraw his pleas establishes that he exhibited confusion during the plea hearing and that the clerk magistrate acknowledged as much at the end of the hearing when he asked the county attorney if an attorney should be appointed for Schurman. The county attorney agreed that appointing an attorney for Schurman would not be a bad idea and even acknowledged that, if the attorney wanted to file a motion to withdraw the pleas, the issue could be handled at a later time. Schurman testified that he has been diagnosed with bipolar disorder and has a hearing loss and that he was arrested the day before the hearing and was not able to sleep while in jail. Based on the record presented, Schurman established, clearly and convincingly, that his obvious confusion during the plea hearings, during which he was not represented by counsel, presents serious questions as to whether Schurman's plea was in fact freely, voluntarily, and intelligently entered. Further, the State would not have been substantially prejudiced by allowing Schurman to withdraw his no contest pleas as there was no plea agreement in this case and Schurman's plea occurred on the same day that the charges were filed. Therefore, we find that the denial of Schurman's motion to withdraw his no contest pleas was an abuse of discretion. Having made this determination, we need not consider Schurman's claim that the sentences imposed were excessive. Thus the decision of the district court is reversed, Schurman's convictions and sentences are vacated, and this cause is remanded to the district court to remand to the county court for further proceedings.
CONVICTIONS AND SENTENCES VACATED. REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.