IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**

STATE V. BELK

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,
V.
JOSHUA E. BELK, APPELLANT.

Filed December 24, 2013.    No. A-13-466.

Appeal from the District Court for Platte County: ROBERT R. STEINKE, Judge. Affirmed.

James C. Stecker for appellant.

Jon Bruning, Attorney General, and Carrie A. Thober for appellee.

MOORE, PIRTLE, and BISHOP, Judges.

BISHOP, Judge.

The Platte County District Court accepted Joshua E. Belk's no contest pleas to two counts of first degree sexual assault and one count of incest. Prior to sentencing, Belk sought to withdraw his pleas. The district court denied Belk's motion to withdraw his pleas and sentenced him on each count. Belk now appeals, contending that the district court erred in overruling his motion to withdraw his pleas. Belk also asserts that his trial counsel was ineffective. Because we find the trial court did not abuse its discretion in denying Belk's motion to withdraw his pleas, we affirm the order of the district court. We further find the record is insufficient to address Belk's claims for ineffective assistance of counsel on direct appeal.

BACKGROUND

Belk was initially charged on May 11, 2012, with three counts of first degree sexual assault of a child, each a Class IB felony, and one count of incest, a Class III felony. The State later amended the information to three counts of sexual assault of a child, second offense, each a Class IB felony with a mandatory minimum sentence of 25 years in prison, and one count of incest. Belk pled not guilty.

- 1 -

Belk's trial counsel, consisting of a deputy public defender and an attorney from the Nebraska Commission on Public Advocacy, filed several pretrial motions on behalf of Belk. At a hearing on January 2, 2013, Belk requested a continuance to hire new counsel, and the court scheduled a hearing on Belk's pending pretrial motions for February 27, 2013. Belk did not obtain new counsel.

On February 27, 2013, a hearing was held on a plea agreement reached between the State and Belk. Belk appeared with the deputy public defender as his counsel. Pursuant to the plea agreement, Belk agreed to plead to the second amended information filed by the State on February 26, 2013, which charged him with two counts of first degree sexual assault, each a Class II felony, and one count of incest. The State would not make a recommendation as to sentencing. The court asked Belk if the above terms represented the plea agreement as he understood it, to which Belk replied, "Yeah." Belk further responded that there were no other terms of the plea agreement he believed existed and that he was in agreement with the plea.

The court recited to Belk the charges contained in the second amended information, the maximum and minimum penalties for each charge, and the three pleas available to Belk and the consequences or results of each. Belk responded that he understood the above information and had no questions.

The court advised and explained to Belk all of his constitutional and statutory rights, including his right to a jury trial. When the court asked Belk if he understood his rights, he responded, "Yes." The court explained to Belk that if the court accepts a plea of guilty or no contest, he would waive all his constitutional and statutory rights except the right to counsel or appeal. The court asked Belk if he understood, and Belk replied, "Yes."

After the court advised Belk of his rights, Belk pled no contest to each of the three charges contained in the second amended information. The court advised Belk that if the court accepts his pleas of no contest and finds him guilty based on his pleas, he will be deemed to have waived all his constitutional and statutory rights as explained to him, except his right to be represented by counsel and his right to appeal. Belk again indicated that he understood and that it was his desire to waive these rights as explained and to accept the plea agreement.

The State's factual basis for Belk's convictions was as follows:

On or between November 15th, 2011[,] and February 20th, 2012, as well as on or between March 9, 2012[,] and April 2 of 2012, . . . Belk, having a date of birth [April 1973], did subject a victim identified by initials, J.M.P., date of birth [June 2002], to sexual penetration, without her consent, while living at . . . Columbus, Platte County, Nebraska.

Throughout these two time periods, [Belk] was the stepfather of J.M.P. by virtue of being married to J.M.P.'s biological mother. All these events occurred in Columbus, Platte County, Nebraska.

The State's evidence of sexual penetration would satisfy the statutory definition of penile/vaginal penetration.

After the above factual basis was given, the Court again asked Belk if he wished to enter no contest pleas to all three counts of the second amended felony information, and Belk replied, "Yeah." The court asked Belk, "Do you wish the Court to accept your no contest pleas and find

you guilty based on them to all three counts of the second amended felony information?" Belk responded, "Yeah." The court accepted Belk's pleas and found him guilty of two counts of first degree sexual assault and one count of incest.

Belk filed a motion to withdraw his pleas of no contest on March 13, 2013. At a hearing on April 4, the deputy public defender appeared as counsel for Belk and requested that defense counsel be permitted to withdraw from further representation because Belk sought to withdraw his pleas due to alleged pressure from the deputy public defender and the attorney from the Nebraska Commission on Public Advocacy. On April 5, the court entered an order permitting those two attorneys leave to withdraw as counsel and appointed new legal counsel to represent Belk on his motion to withdraw his pleas.

A hearing on Belk's motion to withdraw his pleas was held May 2, 2013. At the hearing, Belk proclaimed his innocence and testified he accepted the plea deal due to pressure from his trial counsel. The State offered no evidence.

On May 10, 2013, the district court overruled Belk's motion to withdraw his pleas, finding he did not meet his burden of establishing a fair and just reason in support of his request to withdraw his no contest pleas.

On May 17, 2013, the district court sentenced Belk to 35 to 40 years' imprisonment for each first degree sexual assault conviction, and to 5 to 10 years' imprisonment for the incest conviction, all sentences to be served concurrently, with credit for 384 days for time served. Belk now appeals.

## ASSIGNMENTS OF ERROR

Belk assigns two errors on appeal: (1) The district court erred in not permitting him to withdraw his pleas of no contest prior to sentencing and (2) his trial counsel was ineffective.

## STANDARD OF REVIEW

Prior to sentencing, the withdrawal of a plea forming the basis of a conviction is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of discretion. *State v. Williams*, 276 Neb. 716, 757 N.W.2d 187 (2008).

## ANALYSIS

*Withdrawal of Pleas.*

Belk argues that pressure by his trial counsel and his profession of innocence at the hearing to withdraw his pleas are fair and just reasons to withdraw his pleas of no contest to two counts of first degree sexual assault and one count of incest. Upon our review of the record, we cannot say the trial court abused its discretion in denying Belk's motion to withdraw his pleas.

After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Williams*, 276 Neb. 716, 757 N.W.2d 187 (2008). The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id.* The right to withdraw a plea previously entered is not absolute. *State v. Schanaman*, 286 Neb. 125, 835 N.W.2d 66 (2013).

We first address Belk's argument that he was pressured into accepting the plea agreement by his trial counsel. At the hearing on Belk's motion to withdraw his pleas, Belk testified that he felt pressured, threatened, and abandoned by his trial counsel and that he felt his only options, according to his counsel, were to plead or "lose miserably" at trial.

While the record in the present case does reflect that Belk was unhappy with his trial counsel and that they had disagreements about whether certain defenses were legally valid, Belk's statements to the trial court at the plea hearing belies his assertion that he was pressured to plead no contest. The trial court thoroughly probed Belk about his complaints with his trial counsel prior to accepting Belk's pleas. After Belk responded he was "[n]ot really" satisfied with the legal services of both the deputy public defender and the attorney from the Nebraska Commission on Public Advocacy, the court asked Belk if he needed more time to discuss the matter with his attorney. Belk responded, "No." The court asked Belk what his complaints were, and Belk responded, "I've already made my complaints to him . . . . I don't want to bother the Court with them. I'm satisfied as far as the Court is concerned." The court asked, "You are satisfied with your legal representation as far as you are concerned today in this [plea] hearing, is that fair to say?" Belk replied, "Sure." The court again asked Belk if he needed any other additional time to discuss the matter with his attorneys before proceeding, and Belk replied, "No."

The court also had the following exchange with Belk concerning whether Belk freely, knowingly, voluntarily, and understandingly was making his pleas:

> THE COURT: Are you thinking clearly today?
> [Belk]: Yeah.
> THE COURT: Do you understand these proceedings?
> [Belk]: Yes.
> THE COURT: Are you acting freely and voluntarily?
> [Belk]: Yeah.
> . . . .
> THE COURT: . . . Having had a chance to confer with your attorney, is it your desire today and do you, in fact, then wish to waive or give up any and all defenses you might have in this case?
> [Belk]: Yes.
> . . . .
> THE COURT: And you have decided to accept the plea agreement offered you by the State in this case; is that correct?
> [Belk]: Yes.
> THE COURT: And that was your decision to make with the advice of your counsel, fair to say?
> [Belk]: Fair to say.
> THE COURT: And you have decided to accept the plea agreement; is that right?
> [Belk]: Right.
> THE COURT: Now other than the plea agreement, has anyone made any promises to you to get you to come into court and enter no contest pleas to all three counts of the second amended information?

[Belk]: No.

THE COURT: Has anyone made any threats against you or exerted any force upon you to get you to enter no contest pleas as you have today to all three counts of the second amended information?

[Belk]: No.

Considering the above colloquy between Belk and the trial court, we conclude the trial court did not abuse its discretion in finding Belk failed to meet his burden to show by clear and convincing evidence that pressure by his trial counsel was a fair and just reason to withdraw his pleas.

We next turn to Belk's argument that his proclamation of innocence at the hearing to withdraw his pleas is a fair and just reason to withdraw his pleas. Belk argues that *State v. Beach*, 211 Neb. 660, 319 N.W.2d 754 (1982), supports his position. We disagree. In *Beach*, the Nebraska Supreme Court concluded that the trial court should have allowed the defendant to withdraw his plea of guilty because the trial court did not make a sufficient inquiry into the apparent conflict between the defendant's waiver of trial and his claim of innocence at the plea hearing. Importantly, it was at the plea hearing where the defendant refused to admit and even denied facts which would have justified a finding of guilty. The Nebraska Supreme Court determined that the plea agreement, which only was the county attorney's promise not to make a recommendation as to punishment, did not justify a guilty plea by a man who professed his innocence at the time of his plea.

Unlike *Beach, supra*, Belk made no such proclamation of innocence at the plea hearing, and thus there was no apparent conflict between Belk's waiver of trial and claim of innocence into which the trial court should have inquired when accepting his pleas. Rather, we find the present case similar to *In re Interest of Justin V.*, 18 Neb. App. 960, 797 N.W.2d 755 (2011), in which this court concluded that a juvenile's newfound claim of innocence was not a fair and just reason to withdraw his admission to a charge of criminal mischief for throwing rocks at a building. In that case, our court adopted the criminal standard for withdrawal of a plea in the context of withdrawing an admission in a juvenile proceeding. After being advised of all his rights and being told that making an admission to the charge would be like pleading guilty, the juvenile admitted to the charge of criminal mischief. The juvenile later made a motion to withdraw his admission in part because of his claim of innocence. At the hearing on his motion to withdraw his admission, the juvenile's mother testified she believed her son did not throw rocks, another juvenile involved in the incident testified the juvenile never picked up a rock, and the juvenile testified he did not throw a rock. Notably, the juvenile never sought to withdraw his admission until after his removal from drug court. Given the above evidence, we concluded the juvenile did not show a fair and just reason for withdrawal of his plea, and the juvenile court did not abuse its discretion in denying his motion.

In the instant case, Belk never made a claim of innocence to the court at the plea hearing as in *State v. Beach, supra*; rather, it was a newly raised claim of innocence subsequent to his pleas similar to *In re Interest of Justin V., supra*. Further, contrary to Belk's claim that he desired to withdraw his pleas due to his innocence, the evidence submitted at the hearing on Belk's motion to withdraw suggests that part of Belk's trial strategy and his "best hope" was that the 10-year-old victim would not testify against him at trial, but once he learned the victim would testify, he decided to plead no contest. Belk's wife, the mother of the victim, remains supportive

of Belk. In a recorded telephone call, Belk instructed his wife to keep "those bitches" out of her house, referring to the State. Belk also recalled a telephone conversation with his wife the day after the State met with the victim at school, in which his wife informed him the victim had "broke down" so he needed to take the plea now. At the end of this conversation with his wife, Belk agreed to take the plea.

At the plea hearing, after the State provided its factual basis for Belk's convictions, the court asked Belk if he wished to enter no contest pleas to all three counts of the second amended felony information, and Belk replied, "Yeah." It is apparent that Belk received a substantial benefit from taking the plea agreement, as he pled to only two Class II felonies and one Class III felony, instead of the three Class IB felonies for first degree sexual assault of a child, second offense, which each carry mandatory minimum sentences of 25 years' imprisonment, and one Class III felony. In our review of the evidence, we cannot say the trial court abused its discretion in finding that Belk failed to prove by clear and convincing evidence a fair and just reason to withdraw his pleas of no contest.

*Ineffective Assistance of Counsel.*

Belk raises ineffective assistance of counsel on this direct appeal. A claim of ineffective assistance of counsel need not be dismissed merely because it is made on direct appeal. *State v. McClain*, 285 Neb. 537, 827 N.W.2d 814 (2013). The determining factor is whether the record is sufficient to adequately review the question. *Id*. We will not address an ineffective assistance of counsel claim on direct appeal if it requires an evidentiary hearing. *Id.*

Belk makes the following specific allegations of deficient or ineffective assistance of his trial counsel: failure to undertake discovery and take depositions of key witnesses, including a Child Protective Services worker, Belk's wife, and the victim; failure to provide copies of depositions and reports to Belk; pressuring Belk into entering a plea against his wishes; failure to communicate; and conveying privileged communications between trial counsel and Belk to the county attorney.

Belk admits that an evidentiary hearing is needed and that he has raised ineffective assistance of trial counsel on direct appeal so the issues will not be procedurally barred on postconviction review. We agree that the record is insufficient to adequately review each of Belk's claims and thus do not reach this assignment of error.

CONCLUSION

We find the trial court did not abuse its discretion in denying Belk's motion to withdraw his pleas of no contest. Because the record is insufficient for this court to address Belk's claim of ineffective assistance of counsel on direct appeal, we do not reach that issue.

AFFIRMED.