IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. WILSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

KELLY E. WILSON, APPELLANT.

Filed April 25, 2017.    No. A-16-555.

Appeal from the District Court for Hall County: MARK J. YOUNG, Judge. Affirmed.

Robert W. Alexander, Deputy Hall County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and, on brief, George R. Love for appellee.

INBODY, PIRTLE, and BISHOP, Judges.

BISHOP, Judge.

## INTRODUCTION

Kelly E. Wilson pled guilty to and was convicted of two drug possession charges, one a felony and the other an infraction. In exchange for her guilty pleas, the State recommended that Wilson be permitted to enroll in the Central Nebraska Drug Court Program (drug court). In this appeal, Wilson claims the district court abused its discretion by refusing to permit her to withdraw her guilty pleas after she voluntarily withdrew from drug court. In addition, Wilson claims the district court imposed an excessive sentence on the felony conviction by sentencing her to 90 days in jail rather than to a term of probation. We affirm.

## BACKGROUND

Wilson's charges arose from a traffic stop of a vehicle on August 31, 2015, in which Wilson was a passenger. During the traffic stop, law enforcement smelled the odor of marijuana coming from the vehicle. Both the driver and the passengers admitted that they had used controlled

- 1 -

substances within the vehicle. The officer then conducted a search of Wilson and found "various small baggies containing a white crystalline and powdery substance the officer believed to be methamphetamine." The substance was subsequently sent to the Nebraska State Patrol Crime Lab, and it was confirmed to be methamphetamine.

The State filed an information charging Wilson with possession of a controlled substance pursuant to Neb. Rev. Stat. § 28-416(3) (Supp. 2015), a Class IV felony, and with possession of marijuana pursuant to § 28-416(13)(a), an infraction. Wilson appeared in court on January 26, 2016. At that time, the State informed the court that a plea agreement had been reached. Wilson had agreed to plead guilty to the charges. In exchange for Wilson's guilty pleas, the State had agreed to recommend that her case "be transferred to [drug court]." Prior to accepting Wilson's guilty pleas, the court asked her if she understood that "if [she] fail[ed] to complete the Drug Court Program, [she would] be brought back to the court and [would] be subject to the sentence, the maximum sentence, that could be imposed." She answered, "Yes." The court then advised Wilson of the penalties that could be imposed for each charge. Wilson acknowledged that she understood the charges and penalties for both counts and entered her guilty plea on each count. The court then found Wilson guilty of possession of a controlled substance and possession of marijuana.

On February 18, 2016, Wilson filed a motion to withdraw her guilty pleas. A hearing was held on Wilson's motion on February 29. At this hearing, Wilson indicated that she wanted to withdraw her guilty pleas because she no longer wanted to participate in drug court. Wilson testified that prior to entering her guilty pleas, she did not understand the "terms and conditions" of drug court. Once she learned of these terms and conditions, she did not agree with them. She testified, "I don't agree with the program. I am looking towards my future. I would like to move out of the County - actually out of State - so I feel like I'm stuck here. I am thinking of the long-term picture, not just the short term."

During the State's cross-examination of Wilson, she acknowledged that prior to entering her guilty pleas, she had received and read a letter from the Hall County Attorney's office. The letter contained a list of drug court requirements, including the requirement that a drug court participant must "[r]eside in a participating county while in the Program."

After the hearing, the district court entered an order overruling Wilson's motion to withdraw her guilty pleas. In the order, the court found,

> [Wilson]'s claim that she is too unsophisticated to have understood the consequences of entering Drug Court and her further claim that she was improperly informed of the requirements of Drug Court are not credible. While the Defendant may not have known all of the possible requirements and possible sanctions involved in Drug Court it is clear that she had ample opportunity and information available to her to make an informed choice to enter Drug Court. The fact that she now regrets her bargain is not a fair and just reason to allow her to withdraw the plea.

The court went on to note that Wilson could still choose to participate in drug court. However, if she chose not to participate, a sentencing hearing would be scheduled.

On March 15, 2016, Wilson voluntarily withdrew from drug court. On May 17, a sentencing hearing was held. At the hearing, the district court found "substantial and compelling reasons that probation is not appropriate." The court went on to explain those reasons, including,

> [A] lesser sentence would promote disrespect for the law and . . . incarceration is necessary to provide [Wilson] with appropriate treatment. . . . [B]ased upon [Wilson's] history in this case, specifically missing . . . presentence investigation appointments . . . [and] refus[ing] to get a drug and alcohol evaluation, [] probation is not likely to be successful at this time.

The court thereafter sentenced Wilson to 90 days' incarceration followed by 12 months of post-release supervision for her possession of a controlled substance conviction. The court ordered a "zero dollars" fine for her possession of marijuana conviction.

Wilson appeals.

## ASSIGNMENTS OF ERROR

Wilson assigns, reordered, that the district court erred in (1) denying her motion to withdraw her guilty pleas and (2) imposing an excessive sentence.

## STANDARD OF REVIEW

Prior to sentencing, the withdrawal of a plea forming the basis of a conviction is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of that discretion. *State v. Williams*, 276 Neb. 716, 757 N.W.2d 187 (2008); *State v. Schurman*, 17 Neb. App. 431, 762 N.W.2d 337 (2009).

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Dyer*, 24 Neb. App. 514, ___ N.W.2d ___ (2017).

A determination of whether substantial and compelling reasons exist to deny probation under Neb. Rev. Stat. § 29-2204.02(2)(c) (Supp. 2015) is within the trial court's discretion and will not be reversed absent an abuse of discretion. *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017).

## ANALYSIS

### MOTION TO WITHDRAW PLEA

Wilson asserts that the district court abused its discretion in refusing to allow her to withdraw her guilty pleas. Specifically, she argues that she had a fair and just reason to withdraw her pleas because "she was unaware of all the terms and conditions of Drug Court when she agreed to join the program." Brief for appellant at 16. She also argues that the State would not have been prejudiced by its reliance on her guilty pleas.

After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Williams*, *supra*. The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id*. The right to withdraw a plea

previously entered is not absolute, and, in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal. *Id.*

In its order, the district court found that Wilson did not sufficiently demonstrate that she had a fair and just reason to withdraw her guilty pleas because her claim that "she was improperly informed of the requirements of Drug Court [was] not credible." The evidence presented at the February 29, 2016, hearing supports the district court's finding. Wilson testified at the hearing that she wanted to withdraw her plea because she did not agree with the terms and conditions of drug court. She also testified that she only learned of these terms and conditions after entering her pleas. However, she did not explicitly state the terms and conditions with which she did not agree. Wilson did indicate that she wished to move out of state in order to concentrate on her future, but she also acknowledged that prior to entering her plea, she read a letter which informed her that she had to reside in "a participating county" in order to be involved in drug court. At the very least, the language contained in the letter should have prompted Wilson to inquire, prior to entering her guilty pleas, whether she could participate in drug court and still move out of state.

In her brief on appeal, Wilson does not provide any further details about which terms and conditions of drug court she was not properly informed of and with which she does not agree. In her brief, she asserts that after entering her guilty pleas, she "was ambushed with extra terms and conditions of Drug Court." Brief for appellant at 16. However, she does not elaborate on what additional terms and conditions she learned of after entering her guilty pleas.

Considering the evidence in the record, we conclude that the district court did not abuse its discretion in concluding that Wilson failed to demonstrate a fair and just reason to withdraw her guilty pleas.

EXCESSIVE SENTENCE

Wilson argues that the sentence imposed by the district court for her conviction for possession of a controlled substance is excessive, because the court failed to articulate substantial and compelling reasons why a sentence of probation would not be appropriate.

Possession of a controlled substance is a Class IV felony. Neb. Rev. Stat. § 28-416(3). Class IV felonies are punishable by a maximum of 2 years' imprisonment and 12 months' post-release supervision, a $10,000 fine, or a combination of both fine and imprisonment, and a minimum of 9 months' post-release supervision if imprisonment is imposed. See Neb. Rev. Stat. § 28-105 (Supp. 2015). The district court sentenced Wilson to 90 days in jail and 12 months of post-release supervision.

Wilson concedes that her sentence is within the statutory limits. Brief for appellant at 8. However, she argues that even though her sentence is within the statutory limits, it is excessive because the court should have sentenced her to a term of probation, rather than to any time in jail. In support of her assertion, Wilson relies on the language contained in Neb. Rev. Stat. § 29-2204.02(2)(c) (Supp. 2015); she claims that recent changes in the law "stripped the trial court of a portion of its discretion when sentencing a defendant convicted of a Class IV felony." Brief for appellant at 8. It is true that Wilson's convictions arose from events that occurred on August 31, 2015, which was one day after the effective date of § 29-2204.02, enacted as part of 2015 Neb. Laws, L.B. 605. See *State v. Baxter*, 295 Neb. 496, 888 N.W.2d 726 (2017). Section

29-2204.02(2)(c) provides that if a defendant is convicted of a Class IV felony, the court shall impose a sentence of probation unless there are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) and (3) of Neb. Rev. Stat. § 29-2260 (Supp. 2015).

Under § 29-2260:

(2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory or mandatory minimum imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character, and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:

(a) The risk is substantial that during the period of probation the offender will engage in additional criminal conduct;

(b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or

(c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.

(3) The following grounds, while not controlling the discretion of the court, shall be accorded weight in favor of withholding sentence of imprisonment:

(a) The crime neither caused nor threatened serious harm;

(b) The offender did not contemplate that his or her crime would cause or threaten serious harm;

(c) The offender acted under strong provocation;

(d) Substantial grounds were present tending to excuse or justify the crime, though failing to establish a defense;

(e) The victim of the crime induced or facilitated commission of the crime;

(f) The offender has compensated or will compensate the victim of his or her crime for the damage or injury the victim sustained;

(g) The offender has no history of prior delinquency or criminal activity and has led a law-abiding life for a substantial period of time before the commission of the crime;

(h) The crime was the result of circumstances unlikely to recur;

(i) The character and attitudes of the offender indicate that he or she is unlikely to commit another crime;

(j) The offender is likely to respond affirmatively to probationary treatment; and

(k) Imprisonment of the offender would entail excessive hardship to his or her dependents.

In this case, the district court listed four substantial and compelling reasons in its sentencing order as to why it believed Wilson could not effectively and safely be supervised in the community. Specifically, the court found that Wilson should serve 90 days in jail because a lesser sentence would promote disrespect for the law; the incarceration of Wilson is necessary to protect the security of the public; Wilson refused to obtain a drug and alcohol evaluation as part of her

presentence investigation interview; and Wilson failed to attend her presentence investigation interview on two separate occasions. In addition, the district court stated at the sentencing hearing that "incarceration is necessary to provide [Wilson] with appropriate treatment" and that given Wilson's actions prior to the sentencing hearing, probation would not likely be successful. On appeal, Wilson asserts that none of the reasons that formed the basis of the district court's decision to sentence her to 90 days in jail rather than to probation constitute "substantial and compelling" reasons as contemplated by § 29-2204.02(2)(c).

Although noting that § 29-2204.02(2) "effectively adds a general limitation on a court's discretion in choosing between probation and incarceration with respect to a Class IV felony, because it requires a court to impose a sentence of probation for a Class IV felony unless certain specified exceptions are present," the Nebraska Supreme Court nevertheless held that a determination of whether substantial and compelling reasons exist under § 29-2204.02(2)(c) is within the trial court's discretion and will not be reversed absent an abuse of discretion. *State v. Baxter*, 295 Neb. 496, 504, 888 N.W.2d 726, 733. *Baxter* does caution that a court "should not simply supply a list of reasons, but, instead, should demonstrate how it reached its determination that there were substantial and compelling reasons." *Id*. at 506, 888 N.W.2d at 734. However, the court's reasoning is not limited to what is set forth in the sentencing order; rather, it also includes statements made by the court when pronouncing sentence. *Id*. And the terms "substantial and compelling" have "commonly understood meanings and it is within the court's discretion to determine that its reasons are weighty enough to be substantial and compelling." *Id*. at 508, 888 N.W.2d at 735.

Applying *Baxter* here, we conclude that the record in this case supports the district court's determination that there were substantial and compelling reasons to withhold probation. First, evidence presented at the sentencing hearing suggested that Wilson is in need of some type of substance abuse treatment. She admitted to having used methamphetamines on a regular basis and the results of the screening instruments employed by the probation office during her presentence investigation interview indicated that she had a moderate to high risk of substance abuse and that she had a medium risk of being re-arrested.

Additionally, other evidence presented at the sentencing hearing indicated that Wilson was not likely to respond affirmatively to probationary treatment because she was not likely to cooperate with such treatment. Wilson failed to cooperate with the probation officer who conducted her presentence investigation interview. She refused to obtain a current substance abuse evaluation. She refused to sign a release so that the probation officer and the court could view her previous substance abuse evaluation. She failed to fill out necessary forms prior to the presentence investigation interview. She cancelled and rescheduled her interview appointment on two separate occasions. The probation officer who interviewed Wilson indicated that Wilson was very defensive during the interview and reluctant to share any information, particularly about her history of drug and alcohol use. In addition, Wilson made it very clear during the district court proceedings that she was unwilling to comply with the requirements of drug court, but she failed to adequately explain which requirements she did not agree with or why she did not agree with those requirements.

We conclude that the record sufficiently demonstrates that Wilson cannot effectively and safely be supervised in the community. The district court did not abuse its discretion when it determined that there were substantial and compelling reasons that probation would not be an effective and safe sentence.

## CONCLUSION

The court did not abuse its discretion in denying Wilson's motion to withdraw her plea, nor did the court impose an excessive sentence when it sentenced Wilson to 90 days in jail rather than to a term of probation. Wilson's convictions and sentences are affirmed.

AFFIRMED.