IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


STATE V. JOHNSON


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


STATE OF NEBRASKA, APPELLEE,

V.

LANDON S. JOHNSON, APPELLANT.


Filed June 14, 2022.    No. A-21-900.


Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed in part, and in part vacated and remanded with directions.

Lydia Davis, Deputy Buffalo County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Nathan A. Liss for appellee.


PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

PIRTLE, Chief Judge.

### INTRODUCTION

Landon S. Johnson appeals from his conviction and sentence for first degree sexual assault of a child under Neb. Rev. Stat. § 28-319.01 (Reissue 2016). For the reasons that follow, we affirm Johnson's conviction, however, we vacate the sentencing order and remand the cause to the district court with directions to reinstate the originally pronounced sentence of a mandatory minimum 15 years to 40 years of incarceration.

### BACKGROUND

By an information filed on October 26, 2020, the State initially charged Johnson with one count of first degree sexual assault of a child (count 1) and one count of tampering with a witness (count 2). The State later amended the information to add one count of violating a protection order (count 3). However, on July 2, 2021, pursuant to a plea agreement, the State filed a second

amended information dismissing counts 2 and 3 in exchange for Johnson's no contest plea to count 1. The State further agreed to refrain from prosecuting Johnson in Lancaster County on any other matters involving the same victim that occurred between 2016 and 2019. Johnson confirmed that he understood the terms of the agreement and had adequate opportunity to discuss the agreement with counsel.

With regard to the potential sentence on count 1, the district court advised Johnson that first degree sexual assault of a child "is a IB felony with a mandatory minimum of 15 years and a minimum of 20 years, a maximum of life imprisonment." Shortly thereafter, the court reiterated that "there's a minimum of 20 years, and in this case there's a mandatory minimum of 15 years." Johnson confirmed that he understood the charge and the penalty as advised. Johnson further confirmed that he heard and understood the rights advisement previously made by the court, including his right to a trial and all the attendant rights thereto. Johnson understood that he was waiving those rights by entering a no contest plea to count 1.

Upon hearing the factual basis for count 1, the court accepted Johnson's no contest plea and convicted Johnson on count 1. The court further ordered that a presentence investigation be conducted and set the matter for sentencing. Johnson indicated in the presentence investigation report that he understood he was facing a minimum of 20 years in prison. The sentencing hearing was continued twice; first on the court's own motion due to a scheduling conflict, and second on Johnson's motion for the purpose of completing a sex offender evaluation. The court finally convened for a sentencing hearing on October 12, 2021.

The court opened the sentencing hearing by noting that it had reviewed the presentence investigation report and victim impact statements. Thereafter, counsel for Johnson entered a motion to withdraw the no contest plea. The court agreed to hear argument on the motion, and counsel for Johnson stated that Johnson "has asked me to file that, Your Honor. I believe [Johnson's] position is that there may be additional evidence that could prove his . . . innocence in this case. Other than that, I have no additional information." The court overruled Johnson's motion to withdraw his plea and proceeded to sentencing.

After hearing argument and giving Johnson an opportunity to speak on his own behalf, the court stated that it was going to order Johnson to be sentenced "to the mandatory minimum, 15 years, and not more than 40 years." However, the State interjected, stating "Judge, while it's a mandatory minimum of 15, the actual minimum is 20 . . . [s]o the minimum sentence has to be 20 years, 15 of those is a hard sentence." Accordingly, the court stated, "All right, then, so I'll note that the minimum is 20 years, with 15 years being the mandatory minimum." Thereafter, the court entered a sentencing order consistent with the latter pronouncement, ordering that Johnson be incarcerated "for not less than 20 years, 15 year mandatory minimum, nor more than 40 years." Johnson appeals from that order.

## ASSIGNMENTS OF ERROR

Johnson assigns that the district court erred in overruling his motion to withdraw plea without setting the motion for a hearing.

Additionally, the State alleges that the district court committed plain error when it modified its initial sentence of 15 to 40 years of incarceration in response to the State's suggestion that the "actual minimum" sentence in this case was 20 years of incarceration.

STANDARD OF REVIEW

Prior to sentencing, the withdrawal of a plea forming the basis of a conviction is addressed to the discretion of the trial court, and its ruling will not be disturbed on appeal absent an abuse of discretion. *State v. Williams*, 276 Neb. 716, 757 N.W.2d 187 (2008).

ANALYSIS

*Motion to Withdraw Plea.*

Johnson's sole assignment of error on appeal is that the district court abused its discretion in overruling Johnson's motion to withdraw his no contest plea to count 1 without setting the matter for a hearing. At the outset, we acknowledge that the court did not schedule a separate hearing regarding Johnson's last-minute motion to withdraw plea. However, the court nevertheless provided Johnson with an opportunity to be heard on his motion at the sentencing hearing. To the extent Johnson suggests the district court was required to hold a separate hearing on his motion to withdraw, we reject that argument. See *State v. Canaday*, 307 Neb. 407, 949 N.W.2d 348 (2020).

In *Canaday*, the defendant similarly entered a last-minute motion to withdraw plea at the time of sentencing. Defense counsel provided a brief argument explaining the basis for the motion but offered no evidence. The district court overruled the motion and proceeded with sentencing. The Nebraska Supreme Court affirmed without any mention of the district court's failure to hold a separate hearing. Rather, the court focused its analysis on simply whether the district court abused its discretion in overruling the motion in light of the grounds presented at the sentencing hearing. Thus, we likewise focus our analysis on whether the district court abused its discretion in overruling Johnson's motion in light of the grounds presented at the sentencing hearing.

At the sentencing hearing, Johnson's position was simply that "there may be additional evidence that could prove his . . . innocence." On appeal, Johnson argues for the first time that "additional evidence may be available to discredit the information provided to law enforcement by [the victim]," adding that the "new information includes, but is not limited to the information in the Presentence Report that Johnson's child has now made allegations of abuse against [the victim]." Brief for appellant at 8. Additionally, Johnson argues that "[i]f a hearing would have been held . . . then [Johnson] would have been able to present evidence that the lack of medications prevented Johnson from knowingly, voluntarily, and intelligently entering the no contest plea." *Id*. at 7-8.

With regard to the latter argument that Johnson did not knowingly, voluntarily, and intelligently enter the no contest plea, we observe that Johnson made no mention of that as a basis for his motion to withdraw plea. Rather, the sole basis presented to the district court in support of Johnson's motion was that there "may be" additional evidence to prove Johnson's innocence. Because Johnson's argument regarding his ability to knowingly, voluntarily, and intelligently enter his plea was raised for the first time on appeal, we do not address it. See *State v. Canaday, supra* (limiting analysis of motion to withdraw plea to grounds expressly presented to the district court). With regard to Johnson's argument of additional evidence that would prove his innocence, we conclude the district court did not abuse its discretion in rejecting that claim.

After the entry of a plea of guilty or no contest, but before sentencing, a court, in its discretion, may allow a defendant to withdraw his or her plea for any fair and just reason, provided

that the prosecution has not been or would not be substantially prejudiced by its reliance on the plea entered. *State v. Williams, supra.* The burden is on the defendant to establish by clear and convincing evidence the grounds for withdrawal of a plea. *Id.* The right to withdraw a plea previously entered is not absolute, and, in the absence of an abuse of discretion on the part of the trial court, refusal to allow a defendant's withdrawal of a plea will not be disturbed on appeal. *Id.*

In this case, Johnson had over 3 months between the entry of his plea and the sentencing hearing to investigate the supposed evidence of his innocence. Yet, Johnson waited until the day of sentencing to file his motion to withdraw plea on the basis of mere speculation as to the possible existence of additional evidence. At the time of the sentencing hearing, Johnson failed to present any evidence in support of his motion. Johnson merely indicated that there "may be" additional evidence without any indication as to what that evidence was or how it would prove his innocence. While Johnson points to additional evidence on appeal, he failed to present such grounds to the district court, and thus we do not address them. See *State v. Canaday, supra.* Altogether, Johnson failed to present clear and convincing evidence of a fair and just reason to withdraw his plea, and the district court did not abuse its discretion in overruling Johnson's motion without a hearing.

*Plain Error.*

We agree with the State that the district court committed plain error by accepting the prosecutor's erroneous suggestion that the "actual minimum" sentence for first degree sexual assault of a child is 20 years of incarceration.

Plain error may be found on appeal when an error, plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Kantaras*, 294 Neb. 960, 885 N.W.2d 558 (2016). A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id.*

The State likens this case to *State v. Kidder*, 299 Neb. 232, 908 N.W.2d 1 (2018), wherein the Supreme Court found plain error when a trial court modified a sentence after its initial pronouncement based on the mistaken belief that the pronounced sentence was outside the authorized penalty range for the crime charged. In that case, the court reiterated that a sentence validly imposed takes effect from the time it is pronounced and any subsequent sentence fixing a different term is a nullity. *Id.* The court noted that "[i]t is possible, in limited circumstances, to correct an inadvertent mispronunciation of a valid sentence before the defendant has left the courtroom," however, that was not the case in *Kidder*, where the court evidently intended to sentence the defendant as originally pronounced but was erroneously led to believe that the pronounced sentence was outside the authorized range. 299 Neb. at 248, 908 N.W.2d at 11. Thus, "[b]ecause the sentence originally pronounced was valid, it took effect as soon as it was pronounced and any attempt thereafter to modify it . . . was plainly erroneous and of no legal effect." *Id.* Accordingly, the court vacated the modified sentence and remanded the cause to the trial court with directions to reinstate the valid term originally pronounced.

We agree that this case is analogous to *Kidder*, and we likewise find plain error in the district court's modification of the originally pronounced sentence on the mistaken belief that the pronounced sentence was outside the authorized range for count 1. The district court initially pronounced that Johnson shall be sentenced "to the mandatory minimum, 15 years, and not more

than 40 years" of incarceration. Thereafter, the State erroneously suggested that the actual minimum sentence on count 1 was 20 years of incarceration, the first 15 of which being mandatory. However, both this court and the Supreme Court have explicitly rejected that interpretation. See, *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015); *State v. Lantz*, 21 Neb. App 679, 842 N.W.2d 216 (2014). Rather, it is well-settled that the minimum penalty for first degree sexual assault of a child under § 28-319.01 is a mandatory minimum 15 years of incarceration. See, *State v. Russell*, 291 Neb. 33, 863 N.W.2d 813 (2015); *State v. Lantz*, 21 Neb. App 679, 842 N.W.2d 216 (2014).

The district court evidently intended to sentence Johnson to a term of incarceration ranging from the mandatory minimum 15 years to 40 years. It was the State's erroneous suggestion as to the minimum authorized term which prompted the court to modify its original pronouncement and impose a sentence of 20 to 40 years of incarceration. However, as discussed above, the court's original pronouncement of 15 to 40 years of incarceration was valid and took effect as soon as it was pronounced. Accordingly, the subsequent attempt to modify that sentence was plainly erroneous and of no legal effect. See *State v. Kidder, supra*. Thus, we vacate the modified sentence and remand the cause to the district court with directions to reinstate the valid term originally pronounced on count 1.

## CONCLUSION

For the foregoing reasons, we reject Johnson's sole assignment of error and affirm his conviction. We find plain error in modifying the term of the sentence validly imposed on count 1 and, therefore, vacate the sentencing order and remand the cause to the district court with directions to reinstate the originally pronounced sentence of a mandatory minimum 15 years to 40 years of incarceration.

AFFIRMED IN PART, AND IN PART VACATED
AND REMANDED WITH DIRECTIONS.